IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARKEITIUS K. LUCAS**                                                                                   **PLAINTIFF**

**VS.**                                                        **CIVIL ACTION NO.: 4:25-cv-80-DMB-JMV**

**STEVE ROSE and NAKIA HALL**                                           **DEFENDANTS**

### ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND RECOMMENDING DISMISSAL

This matter is before the court on the *pro se* Plaintiff's Motion to Proceed in Forma Pauperis. After due consideration, the Court finds that the motion to proceed in forma pauperis is well taken, and it is **GRANTED but service shall be withheld** as the court, *sua sponte*, reviews this *pro* se pauper status complaint for consideration of recommendation of dismissal for futility pursuant to 28 U.S.C. § 1915(E)(2)(B).

28 U.S.C. § 1915(e)(2)(B) imposes a screening responsibility on the district court when the plaintiff has been granted pauper status. That section provides in relevant parts as follows: the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal—(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint states that on June 11, 2019, two sheriff deputies came to his home with a court order to have him involuntarily committed. Plaintiff escaped from the deputies on foot, then later returned to his house where he was once again met by the deputies. Plaintiff then got into his car and tried to drive away from the deputies. His attempts to drive down his driveway and through his neighbor's yard were blocked by the deputies, so he instead drove through his backyard pursued by deputies in their own vehicle. Plaintiff turned onto the highway pursued by the deputies. The pursuit continued towards Rosedale, Mississippi. Near the Port of Rosedale, a

Rosedale Police officer allegedly barricaded the road with his truck. Plaintiff crashed his car into the officer's truck, causing severe injuries to both the officer and Plaintiff. Plaintiff states that the Bolivar County Sheriff's Department violated its departmental polices because deputies had sought to affect a court order not a warrant and should have called off their pursuit when he escaped and turned onto the highway. He also states that because the location of the accident was allegedly approximately 500 feet outside the Rosedale city limits, the Rosedale Police are also at fault for operating outside their jurisdiction.

The pro se Plaintiff purports to bring claims against Steve Rose who Plaintiff identifies as a member of the Bolivar County Sheriff Department and Nakia Hall who Plaintiff identifies as a member of the Rosedale Police Department.[1] Plaintiff states that his cause of action falls under 5 U.S.C. §§ 551-559, a portion of the Administrative Procedure Act. [h/n/a "APA"]. Plaintiff also identifies that the "Nature of Suit" is "Administrative Procedure Act/Review or Appeal of Agency Decision". He further describes the cause of action stating "The Sheriff negligence causing a chase that led to a accident. Rosedale negligence causing a accident outside their jurisdiction." [Doc. 1] at 15. Plaintiff requests relief of $2,500,000 and states "I would also like for all tickets or charges from this incident dismissed due to them being responsible for what happened."

Plaintiff fails to state a claim on which relief may be granted. Plaintiff names two individual defendants, neither of which he claims are federal officials. The APA does not provide a basis to seek relief against state officials, only federal. *Scott v. Stephens*, No. 3:14-CV-3304-N BH, 2015 WL 4086919, at *3 (N.D. Tex. July 2, 2015). Further, the APA expressly excludes monetary

---

[1] In the style of the complaint, Plaintiff names the Bolivar County Sheriff Department and Rosedale Police Department as Defendants with Rose and Hall's names in parentheses next to their respective entities. Even if the Court interprets the claims as being brought against the Departments instead of the named individuals, Plaintiff still fails to state a claim as the APA governs federal agencies, not state agencies such as the Bolivar County Sheriff Department and Rosedale Police Department. *See* 5 U.S.C. 551.

damages as an available remedy, preventing Plaintiff's requested monetary relief. See 5 U.S.C. § 702. Nor under the doctrine of sovereign immunity can a federal court enjoin or otherwise order a state court to dismiss any tickets or charges related to the car chase at the center of Plaintiff's claims. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 40, 142 S. Ct. 522, 532, 211 L. Ed. 2d 316 (2021). Thus, Plaintiff fails to state a claim under the APA, nor can he obtain any of his requested relief.

Further, to the extent Plaintiff's claims are alleged to arisen from negligence or an intentional tort, they are barred by the applicable statute of limitations.[2]

Based on the forgoing, this undersigned recommends that Plaintiff's complaint be DISMISSED for failure to state a claim pursuant to 28 §§ 1915(e)(2)(B).

Procedure for Objections

The pro se plaintiff referred to L. U. Civ. R. 72(a)(3) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within (14) fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted ooby the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).

---

[2] The statute of limitations for bringing a claim for negligence against state officials pursuant to 42 U.S.C. 1983 is 3 years and for most intentional torts in Mississippi it is 1 year. Plaintiff alleges has claims arose in 2019. *Walker v. Epps*, 550 F.3d 407, 410 (5th Cir. 2008); *Sowers v. Darby*, No. 2:07CV11-SA-SAA, 2009 WL 742730, at *6 (N.D. Miss. Mar. 17, 2009).

Respectfully submitted, this the 24th day of June, 2025

/s/ Jane M. Virden  
**UNITED STATES MAGISTRATE JUDGE**