IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**MARKEITIUS K. LUCAS**                                                              **PLAINTIFF**

**V.**                                                       **NO. 4:25-CV-80-DMB-JMV**

**BOLIVAR COUNTY SHERIFF**
**DEPARTMENT (STEVE ROSE);**
**ROSEDALE POLICE DEPARTMENT**
**(NAKIA HALL)**                                                 **DEFENDANTS**

**ORDER**

On June 24, 2025, United States Magistrate Judge Jane M. Virden issued a report ("R&R") recommending that Markeitius K. Lucas' complaint be dismissed. Doc. #4.[1] The R&R warned that "[a] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report … within (14) fourteen days … shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted []by the district court." *Id*. at PageID 22. No objection to the R&R was filed.

Under 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court shall make a de novo determination of those portions of the report … to which objection is made." "[P]lain error review applies where, as here, a party did not object to a magistrate judge's findings of fact, conclusions of law, or recommendation to the district court despite being served with notice of the consequences of failing to object." *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015)

---

[1] The R&R is titled, "Order Granting Motion to Proceed in Forma Pauperis and Recommending Dismissal." Doc. #4 at PageID 20. The R&R's caption lists Steve Rose and Nakia Hall as defendants, *id.*, but notes the style of the complaint "names the Bolivar County Sheriff Department and Rosedale Police Department as Defendants with Rose and Hall's names in parentheses next to their respective entities," *id.* at PageID 21 n.1. The caption of the present order follows the caption of the complaint.

(cleaned up). "[W]here there is no objection, the Court need only determine whether the report and recommendation is clearly erroneous or contrary to law." *United States v. Alaniz*, 278 F. Supp. 3d 944, 948 (S.D. Tex. 2017) (citing *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989)).

Because the Court reviewed the R&R for plain error and concludes the R&R is neither clearly erroneous nor contrary to law, the R&R [4] is **ADOPTED** as the order of the Court. Lucas' complaint is **DISMISSED without prejudice**.

**SO ORDERED**, this 16th day of July, 2025.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**